689 So.2d 1313 (1997)
In re Judge Michael JOHNSON.
No. 96-O-1866.
Supreme Court of Louisiana.
February 3, 1997.
Steven R. Scheckman, New Orleans, Timothy J. Palmatier, Metairie, Graydon K. Kitchens, Jr., Minden, for Applicant.
Camille F. Gravel, Jr., Gregory B. Upton, Charles D. Elliott, Alexandria, Michael J. Johnson, Keith W. Manuel, Marksville, for Respondent.
Louis Berry, Alexandria, for Louis Berry, Amicus Curiae.
Bridgett B. DeJean, Alexandria, for Bridgett Brown, Amicus Curiae.
Charles E. Johnson, Alexandria, for Charles E. Johnson, Amicus Curiae.
PER CURIAM.[*]
This matter arises from a joint motion for reconsideration and clarification raising the issue of whether this court's judgment of November 25, 1996 removing Judge Michael Johnson from office prevents him from assuming a new term of office commencing January 1, 1997. For the reasons set forth below, we conclude that it does.
Respondent initially assumed the office of Judge of the Twelfth Judicial District Court on January 1, 1991. A formal charge of misconduct was filed against him by the Judiciary Commission on December 12, 1995. On July 19, 1996, the commission rendered its findings of fact, conclusions of law and recommendations, in which it recommended respondent be removed from office. While the case was pending before this court, respondent was reelected in September, 1996 for a second term commencing January 1, 1997. On November 25, 1996, this court rendered judgment removing Judge Johnson from office. In re Judge Michael Johnson, 96-1866 (La. 11/25/96), 683 So.2d 1196. Our decree stated:
Accordingly, it is ordered, adjudged, and decreed that respondent, Judge Michael Johnson, of the Twelfth Judicial District Court for the Parish of Avoyelles, State of Louisiana, be, and is hereby, removed from office; and that his office be, and is hereby, declared vacant. Respondent is cast with all stipulated costs and any other costs incurred in the investigation and prosecution of his case pursuant to Supreme Court Rule XXIII, § 22.
REMOVAL FROM JUDICIAL OFFICE ORDERED.
That judgment became final on December 13, 1996, when this court denied rehearing.
Respondent now contends that the effect of this court's judgment of November 25, 1996 was simply to remove him from his first term of office, but did not prevent him from assuming a second term of office. We find this argument to be without merit.
In our November 25, 1996 opinion, we concluded that respondent's conduct warranted "the most severe discipline," since respondent repeatedly abused his position as judge for personal gain. Clearly, such language would be at odds with respondent's *1314 interpretation that he should be removed from office for the approximate one month period remaining on his first term. Likewise, in our decree, we stated that respondent was removed from office and that his office "be, and is hereby, declared vacant." We did not limit this language in any way.[1] Therefore, the effect of our holding is that respondent was removed from office both from the term he was serving and any subsequent term to which he was elected.[2]

DECREE
For the reasons assigned, our judgment of November 25, 1996 removes respondent from office for the term he was serving at the time the judgment was rendered and any subsequent term to which he was elected while the case was pending in this court. The office of Judge of the Twelfth Judicial District Court is hereby declared vacant pursuant to La. Const. Art. V, § 22(B).
CALOGERO, C.J., and KIMBALL, J., concur in the result reached by the majority and in the adoption of proposed Supreme Court Rule XXIII § 26.
NOTES
[*] Knoll, J. not on panel; recused. Rule IV, Part 2, § 3.
[1] Further supporting our reasoning is the fact that on December 12, 1996, this court signed an order appointing Retired Judge Guy Humphries, Jr. as judge pro tempore of the Twelfth Judicial District Court for the dates of December 13, 1997 through June 12, 1997, or until further orders of the court.
[2] Judge Johnson's eligibility to be a candidate for future judicial election will be governed by court rule adopted this day.